**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



NOV 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TIRATH SINGH and MANJEET KAUR, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72748 <br><br> Agency Nos.    A089-674-374 <br> A089-679-408 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2015
Seattle, Washington

Before: W. FLETCHER and GOULD, Circuit Judges and EZRA,[**] District Judge.

Tirath Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") decision denying his application for asylum.

Manjeet Kaur, his wife, petitions for review as a derivative on Singh's application.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

*See* 8 C.F.R. § 1208.21. We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review, and remand for further proceedings.

The IJ found that Singh credibly established that he had suffered past persecution in India on account of his political opinion, and the BIA adopted and affirmed this finding. The burden then shifted to the government to rebut the presumption of a well-founded fear of future persecution by a preponderance of the evidence. *See* 8 C.F.R. § 1208.13(b)(1). The IJ and BIA found that the government had met its burden by demonstrating that Singh could reasonably avoid future persecution by relocating within India. 8 C.F.R. §§ 1208.13(b)(1)(i)(B). Substantial evidence does not support this finding. *See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

To rebut the presumption of a well-founded fear, the government must show not only that it would be safe for the petitioner to relocate within his country of nationality but that "under all the circumstances, it would be reasonable to expect [him] to do so." 8 C.F.R. §  1208.13(b)(1)(i)(B); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003). The IJ and BIA are "bound to take into account" certain factors when making this reasonableness determination. *Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010) (internal citation and quotation marks omitted). These include "geographical limitations" and "social and cultural constraints, such

2

as age, gender, health, and social and familial ties." *Id.* at 934 (quoting 8 C.F.R. § 1208.13(b)(3)).

The IJ and BIA failed to adequately account for these factors. The IJ found only that Singh and Kaur would not experience discrimination in housing or employment elsewhere in India and that there are substantial Sikh communities outside Punjab. But the IJ and BIA cited no evidence for their determination that, in Singh's individual circumstances, it would be reasonable to expect him to relocate. *See Osorio v. I.N.S.*, 99 F.3d 928, 933 (9th Cir. 1995) (requiring an "individualized analysis" to "refute the presumption" raised by past persecution).

Singh is a middle-aged man who credibly testified that he was a farmer by trade, he had no family or other social ties outside Punjab, and he therefore would be unable to find work elsewhere. Singh also testified that he could not find work elsewhere in India "because [he had] been injured." The government introduced no evidence to the contrary. In fact, a country conditions report submitted by the government indicates that Punjabi Sikhs may be limited in their ability to purchase agricultural land outside Punjab. After reviewing the evidence, we conclude that Singh's "age, limited job prospects, and lack of family or cultural connections . . . militate against a finding that relocation would be reasonable." *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1090 (9th Cir. 2005).

3

Because the government failed to meet its burden to show that it would be reasonable to require Singh to relocate within India by a preponderance of the evidence, the presumption that Singh has a well-founded fear of persecution stands. We conclude that Singh is eligible for asylum. We grant the petition and remand to the Attorney General to exercise her discretion under 8 U.S.C. § 1158(b).

**PETITION GRANTED** and **REMANDED**.